IN THE COURT OF APPEALS OF NORTH CAROLINA

 [do not modify or remove this line]

 No. COA21-323

 Filed: [do not modify or remove this line]

 Wake County, No. 15 CVS 9786

 DEPARTMENT OF TRANSPORTATION, Plaintiff,

 v.

 BLOOMSBURY ESTATES, LLC; BLOOMSBURY ESTATES CONDOMINIUM
 HOMEOWNERS ASSOCIATION, INC., Defendants.

 Appeal by defendant Bloomsbury Estates Condominium Homeowners

 Association, Inc. from order entered 3 March 2021 by Judge Vinston M. Rozier, Jr. in

 Wake County Superior Court. Heard in the Court of Appeals 11 January 2022.

 Thomas, Ferguson & Beskind, LLP, by Jay H. Ferguson, for defendant-appellee
 Bloomsbury Estates, LLC.

 Law Firm Carolinas, by T. Keith Black and Harmony W. Taylor, for defendant-
 appellant Bloomsbury Estates Condominium Homeowners Association, Inc.

 TYSON, Judge.

¶1 Bloomsbury Estates Condominium Homeowners Association, Inc. (“the

 Association”) appeals from an order of the trial court distributing settlement

 proceeds. We reverse in part, affirm in part, and remand.

 I. Background

¶2 Bloomsbury Estates is a residential condominium complex located in Raleigh.
 DEP’T OF TRANSP. V. BLOOMSBURY ESTATES, LLC

 [do not modify or remove this line]

 Opinion of the Court

 The Association is the unit owners’ association established under N.C. Gen. Stat. §

 47C (2021). Bloomsbury, LLC created Bloomsbury Estates by filing a Declaration of

 Condominium (“Declaration”) in the Wake County Registry at book 136211, page

 2702 on 13 July 2009.

 A. Phased Development Rights

¶3 Under the terms of the Declaration, Bloomsbury, LLC planned to develop

 Bloomsbury Estates in two phases (“Phase I” and “Phase II”). Phase I was

 constructed with fifty-six units contained within a multi-story building. Phase II was

 to include the construction of six additional units in the Phase I building and the

 construction of a new building containing up to eighty-five units. Prior to filing the

 Declaration, Bloomsbury, LLC had submitted a site plan for the construction of a 110-

 unit condominium complex consisting of two seven-story buildings. The site plan was

 approved by the City of Raleigh on 25 July 2006.

¶4 Section 8 of the Declaration addressed the right to construct Phase II,

 providing, inter alia: “[Bloomsbury, LLC] reserves the following special declarant

 rights for the property: (a) To complete, within five years of the recordation of this

 Declaration of Condominium, any and all improvements indicated on the plats and

 plans, up to a maximum of 140 units.”

¶5 Bloomsbury, LLC assigned its declarant rights in a written assignment to

 Bloomsbury Estates, LLC (“Developer”) which was recorded on 25 May 2011 in the

 -2-
 DEP’T OF TRANSP. V. BLOOMSBURY ESTATES, LLC

 [do not modify or remove this line]

 Opinion of the Court

 Wake County Registry at book 14356, page 2386. Developer amended the Declaration

 five times. The Fifth Amendment to the Bloomsbury Estates Declaration of

 Condominium (“Fifth Amendment”) was recorded on 8 March 2013, in the Wake

 County Registry at book 15176, page 1399. The Fifth Amendment extended the time

 in which Developer could construct Phase II until 13 July 2017.

 B. DOT Condemnation

¶6 Phase I was completed and all of the individual units had been sold to third

 parties by 27 July 2015. On that date, the North Carolina Department of

 Transportation (“DOT”) filed a declaration of taking and notice of deposit against the

 Association, Developer, and Wake County (“DOT Action”). DOT named Wake County

 as a defendant in the DOT Action because of a purported lien for unpaid ad valorem

 taxes Wake County had asserted upon Bloomsbury Estates’ property. DOT sought to

 acquire a portion of the Association’s common area lying outside of the building

 constructed in Phase I for the construction of Raleigh’s Union Station.

¶7 The DOT Action sought a fee simple taking of the property. The construction

 plans for the Raleigh Union Station also required a temporary construction easement

 over other portions of Bloomsbury Estates’ property. The temporary construction

 easement remained in place until the Raleigh Union Station project was completed

 around 13 September 2017. The use of the easement purportedly made it impossible

 for Developer to proceed with construction of Phase II within the Fifth Amendment’s

 -3-
 DEP’T OF TRANSP. V. BLOOMSBURY ESTATES, LLC

 [do not modify or remove this line]

 Opinion of the Court

 deadline of 13 July 2017.

¶8 While the DOT Action was pending, Developer filed a civil complaint in Wake

 County on 7 December 2015, docketed as 15 CVS 16076. On 27 May 2016, Developer

 filed an amended complaint against the Association and the individual unit owners.

 Developer asserted a claim for an anticipatory breach of contract based upon the

 representations the Association was allegedly repudiating Developer’s right to

 develop and construct Phase II until 13 July 2017.

¶9 Developer’s action also sought a declaratory judgment concluding it had

 retained the right to develop and construct Phase II. Developer also sought to reform

 the Declaration to extend the time to develop Phase II by an amount of time force

 majeure equal to the delay caused by the DOT’s temporary construction easement.

¶ 10 On 29 July 2016, the Association filed its response in 15 CVS 16076, which

 contained a motion to strike, motions to dismiss, an answer, affirmative defenses, and

 counterclaims, asserting:

 (1) the time limit expired within which development rights
 shall have been exercised pursuant to the Declaration and
 North Carolina law, and the time limit cannot be extended
 as a matter of North Carolina law, (2) the [Fifth
 A]mendment was not consented to by the requisite number
 of unit owners, (3) the [Fifth A]mendment was not signed
 by the requisite number of unit owners, (4) the amendment
 was not consented to by mortgage holders, (5) the Amended
 Complaint fails to allege a distinct, unequivocal and
 absolute refusal to perform a whole contract or a covenant
 going to the whole consideration of a contract, (6) unit

 -4-
 DEP’T OF TRANSP. V. BLOOMSBURY ESTATES, LLC

 [do not modify or remove this line]

 Opinion of the Court

 owners’ property subject at any time to any development
 rights pursuant to plats and plans has been taken in whole
 or in part, (7) any development rights in unit owners’
 property terminated or ceased, (8) the Court cannot reform
 a void instrument, (9) the Amended Complaint fails to
 allege mistake, or any proper, affirmative grounds for
 judicial reformation of a written instrument, (10) a taking
 of unit owners’ property was reasonably foreseeable, (11)
 the Court cannot make a new amendment or Declaration,
 (12) the Court cannot make an illegal amendment or
 Declaration, (13) the New LLC elected the remedy of
 damages.

¶ 11 While the DOT Action was pending, the Association filed a civil complaint on

 31 December 2016, docketed as 16 CVS 15136 against Developer and another entity,

 Sammie, LLC, alleging twelve causes of action including, inter alia, a declaratory

 judgment action to determine Developer’s rights to develop Phase II in Bloomsbury

 Estates and to quiet title. The Association’s claims asserted in 16 CVS 15136 remain

 pending for trial in Wake County Superior Court.

¶ 12 On 21 June 2017, all parties to the DOT Action entered into a consent

 judgment which resolved the total amount of just compensation owed by DOT. The

 consent judgment did not address the apportionment of the just compensation as

 between Developer and the Association.

¶ 13 Developer filed a motion for partial summary judgment in 15 CVS 16076 on 3

 July 2017, invoking the one-year statute of limitations articulated in N.C. Gen. Stat.

 § 47C-2-117(b) (2021) (“[N]o action to challenge the validity of an amendment adopted

 -5-
 DEP’T OF TRANSP. V. BLOOMSBURY ESTATES, LLC

 [do not modify or remove this line]

 Opinion of the Court

 by the [condominium] association pursuant to this section or pursuant to G.S. 47C-1-

 5(a)(8) may be brought more than one year after the amendment is recorded.”).

¶ 14 Following a hearing, the trial court entered an order allowing Developer’s

 motion for partial summary judgment by finding the one-year statute of limitations

 in N.C. Gen. Stat. § 47C-2-117(b) barred the Association from challenging the validity

 of the Fifth Amendment. The Association filed a notice of appeal in 15 CVS 16076 to

 this Court on 29 September 2017, and then voluntarily withdrew its appeal on 5

 January 2018.

¶ 15 The remaining issues in 15 CVS 16076 are pending trial in Wake County

 Superior Court. By order entered 4 December 2020, the issues in 15 CVS 16076 and

 16 CVS 15136 were consolidated for trial. That consolidation order was not appealed.

¶ 16 Developer filed a motion on 16 January 2018 pursuant to N.C. Gen. Stat. §

 136-108 in the DOT Action. See N.C. Gen. Stat. § 136-108 (2021) (“After the filing of

 the plat, the judge, upon motion and 10 days’ notice by either the Department of

 Transportation or the owner, shall, either in or out of term, hear and determine any

 and all issues raised by the pleadings other than the issue of damages, including, but

 not limited to, if controverted, questions of necessary and proper parties, title to the

 land, interest taken, and area taken.”). Developer asserted that the validity of the

 Fifth Amendment had already been determined by the 29 September 2017 Order in

 15 CVS 16076. Developer further asserted the Association was prohibited by the

 -6-
 DEP’T OF TRANSP. V. BLOOMSBURY ESTATES, LLC

 [do not modify or remove this line]

 Opinion of the Court

 doctrines of issue preclusion and collateral estoppel from re-litigating the validity of

 the Fifth Amendment.

¶ 17 On 11 April 2018, the trial court entered an order on Developer’s 16 January

 2018 motion. The order found: “the [Association] is precluded from re-litigating the

 issue of the validity of the Fifth Amendment and it is further ordered that the Fifth

 Amendment is valid, and the parties are bound by the rights and obligations

 contained therein.” The Association appealed. This Court dismissed the appeal as

 interlocutory since the Association did not assert a substantial right, which was

 affected by the 11 April 2018 order. See DOT v. Bloomsbury Estates, LLC, 264 N.C.

 App. 249, 823 S.E.2d 694, 2019 WL 1040367, at *6. (2019) (unpublished).

¶ 18 Developer and the Association sought appraisals. Developer’s appraisal,

 performed by Integra Realty Resources and M. Scott Smith, MAI dated 24 June 2019

 valued the lot before the DOT taking at $3,860,000 and $1,100,000 after the taking.

 The Association’s appraisal, performed by Catherine Edmond, MAI and Hector

 Ingram, MAI, dated 12 November 2019 valued the lot at $3,350,000 before the taking

 and $910,000 after the taking. This appraisal also laid out the compensation for both

 Phase I and Phase II in three scenarios (“Scenario One,” “Scenario Two,” and

 “Scenario Three”). The appraisal allocated the compensation for Phase I as

 $1,510,000 and Phase II as $2,440,000 with total compensation as $3,950,000.

¶ 19 In Scenario One, Developer had lost all rights to develop Phase II and the

 -7-
 DEP’T OF TRANSP. V. BLOOMSBURY ESTATES, LLC

 [do not modify or remove this line]

 Opinion of the Court

 entire compensation was paid to the Association. In Scenario Two, Developer had

 the right to develop Phase II, but it lost the right as a result of the temporary

 construction easement. Developer was allocated $3,350,000 and the Association was

 allocated $600,000. In Scenario Three, Developer continues to hold the right to

 develop Phase II, but as “an interest with a diminished value.” Developer was

 allocated $2,440,000, the difference between the value before the taking and after the

 taking, and the Association was allocated $1,510,000.

¶ 20 The Association filed a motion to consolidate the DOT Action, 15 CVS 16076,

 and 16 CVS 15136 on 26 November 2019. Developer filed a motion for summary

 judgment on 13 July 2020.

¶ 21 Following a hearing on 20 July 2020, the trial court entered an order granting

 summary judgment in favor of the Association and consolidating the DOT Action, 15

 CVS 16076, and 16 CVS 15136. The order also granted summary judgment pursuant

 to Scenario Two in the Association’s appraisal. On 26 August 2020, the Association

 filed a motion to amend the summary judgment order and/or for reconsideration of

 the motion for summary judgment order pursuant to N.C. Gen. Stat. § 1A-1, Rules 59

 and 60 (2021). The trial court entered an order on 4 December 2020 granting the

 motion to amend in part by only consolidating the actions in 15 CVS 16076 and 16

 CVS 15136 and not consolidating the DOT Action.

¶ 22 The trial court entered an order and final judgment on 3 March 2021. In the

 -8-
 DEP’T OF TRANSP. V. BLOOMSBURY ESTATES, LLC

 [do not modify or remove this line]

 Opinion of the Court

 order, the trial court valued the interest in the property and found Developer was

 entitled to $3,350,000 and the Association was entitled to $600,000. The trial court

 further found Developer and the Association had incurred $894,897.75 in attorney’s

 fees. The trial court apportioned the attorney’s fees using the same percentage as the

 valuation and allocated $758,963.91 to Developer and $135,934.97 to the Association.

 The trial court further found property taxes paid to Wake County on behalf of

 Developer were $71,466.87.

¶ 23 The trial court apportioned the $779,050 deposit by the DOT using the same

 percentage as the valuation and attorney’s fees and apportioned $660,713.29 to

 Developer. The trial court determined the sum to calculate the amount of

 prejudgment interest by deducting Developer’s pro-rated portion of the deposit of

 $660,713.29 from the total damages of 3,350,000 to total $2,689,286.71. The trial

 court determined the prejudgment interest due Developer totaled $409,655.73.

¶ 24 The trial court further determined the total damages due Developer by adding

 the interest in the property, $3,350,000, and the prejudgment interest, $409,655.73

 to total $3,759,655.73.

¶ 25 The trial court also found N.C. Gen. Stat. 47C-1-107 (2021) required Developer

 to be fully compensated before distributing to the Association. The trial court

 deducted from Developer’s total damages and prejudgment interest of $3,759,655.73,

 the prorated portion of Developer’s legal fees and expenses of $758,963.91 and the

 -9-
 DEP’T OF TRANSP. V. BLOOMSBURY ESTATES, LLC

 [do not modify or remove this line]

 Opinion of the Court

 property taxes paid on behalf of Developer of $71,466.87 to award $2,929,224.95 to

 Developer. The trial court awarded the Association $54,410.43. The trial court

 ordered the law firm of Cranfill, Sumner & Hartzog LLP to disperse $2,929,224.95 to

 Developer and $54,410.43 to the Association. The Association appealed.

 II. Jurisdiction

¶ 26 Jurisdiction lies in this Court pursuant to N.C. Gen. Stat. § 7A-27(b)(1) (2021).

 III. Issues

¶ 27 The Association argues the trial court erred in granting summary judgment

 and failing to consolidate the DOT Action with 15 CVS 16076 and 16 CVS 15136.

 IV. 3 March 2021 Order

 A. Standard of Review

¶ 28 North Carolina Rule of Civil Procedure 56(c) allows a moving party to obtain

 summary judgment upon demonstrating “the pleadings, depositions, answers to

 interrogatories, and admissions on file, together with the affidavits” show they are

 “entitled to a judgment as a matter of law” and “there is no genuine issue as to any

 material fact.” N.C. Gen. Stat. § 1A-1, Rule 56(c) (2021).

¶ 29 A material fact is one supported by evidence that would “persuade a reasonable

 mind to accept a conclusion.” Liberty Mut. Ins. Co. v. Pennington, 356 N.C. 571, 579,

 573 S.E.2d 118, 124 (2002) (citation omitted). “An issue is material if the facts alleged

 would . . . affect the result of the action[.]” Koontz v. City of Winston-Salem, 280 N.C.

 - 10 -
 DEP’T OF TRANSP. V. BLOOMSBURY ESTATES, LLC

 [do not modify or remove this line]

 Opinion of the Court

 513, 518, 186 S.E.2d 897, 901 (1972). When reviewing the evidence at summary

 judgment: “[a]ll inferences of fact from the proofs offered at the hearing must be

 drawn against the movant and in favor of the party opposing the motion.” Boudreau

 v. Baughman, 322 N.C. 331, 343, 368 S.E.2d 849, 858 (1988) (citation omitted).

¶ 30 “The party moving for summary judgment bears the burden of establishing

 that there is no triable issue of material fact.” DeWitt v. Eveready Battery Co., 355

 N.C. 672, 681, 565 S.E.2d 140, 146 (2002) (citation omitted). “This burden may be

 met by proving that an essential element of the opposing party’s claim is nonexistent,

 or by showing through discovery that the opposing party cannot produce evidence to

 support an essential element of his claim or cannot surmount an affirmative defense

 which would bar the claim.” Id. (citation and internal quotation marks omitted).

¶ 31 On appeal, “[t]he standard of review for summary judgment is de novo.” Forbis

 v. Neal, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007) (citation omitted).

 B. Analysis

¶ 32 The Association argues the trial court erred in granting summary judgment

 and apportioning the DOT’s award and asserts genuine issues of material fact exist

 in Developer’s rights to construct Phase II following the expiration of the development

 period allowed in the Fifth Amendment. The facts surrounding the claims in 15 CVS

 16076 and 16 CVS 15136 govern the apportionment of the settlement funds in the

 DOT Action. These material facts must be resolved before the DOT’s consented-to

 - 11 -
 DEP’T OF TRANSP. V. BLOOMSBURY ESTATES, LLC

 [do not modify or remove this line]

 Opinion of the Court

 settlement proceeds can be apportioned and dispersed by Cranfill, Sumner & Hartzog

 LLP.

¶ 33 The valuations of Developer’s and the Association’s claims to the settlement

 proceeds involve opinions of value by appraisers. A jury should be allowed to

 determine the credibility of each appraiser and examine their opinions of value. See

 Thompson v. Bradley, 142 N.C. App. 636, 642, 544 S.E.2d 258, 262 (2001) (holding

 jury should be allowed to consider the credibility of accident reconstruction expert).

¶ 34 We reverse the trial court’s entry of summary judgment and remand for further

 proceedings. Because we reverse the judgment and remand, we need not reach the

 Association’s other issues raised on appeal concerning the calculation and

 distribution of DOT settlement funds.

 V. The Association’s Motion to Consolidate

 A. Standard of Review

¶ 35 North Carolina Rule of Civil Procedure 42 provides:

 When actions involving a common question of law or fact
 are pending in one division of the court, the judge may
 order a joint hearing or trial of any or all the matters in
 issue in the actions; he may order all the actions
 consolidated; and he may make such orders concerning
 proceedings therein as may tend to avoid unnecessary costs
 or delay.

 N.C. Gen. Stat. § 1A-1, Rule 42(a) (2021).

¶ 36 “Whether or not consolidation of cases for trial, where permissible, will be

 - 12 -
 DEP’T OF TRANSP. V. BLOOMSBURY ESTATES, LLC

 [do not modify or remove this line]

 Opinion of the Court

 ordered is in the discretion of the court.” Phelps v. McCotter, 252 N.C. 66, 66, 112

 S.E.2d 736, 737 (1960) (per curiam) (citations omitted). An appellant “must not only

 show a clear abuse of discretion by the trial court in denying its motion, but must also

 show injury or prejudice arising therefrom.” Barrier Geotechnical Contractors, Inc.

 v. Radford Quarries of Boone, Inc., 184 N.C. App. 741, 744, 646 S.E.2d 840, 841 (2007)

 (citations and internal quotation marks omitted).

 B. Analysis

¶ 37 The DOT Action, and the issues in 15 CVS 16076 and 16 CVS 15136 share a

 common nucleus of basic facts. These three cases share common legal issues. The

 claims asserted in 15 CVS 16076 and 16 CVS 15136 were consolidated. The issues

 asserted in 15 CVS 16076 and 16 CVS 15136 can be fully litigated and resolved, while

 the distribution of the consented-to funds from the DOT Action can be completed

 following final judgments in the combined cases. See Kanoy v. Hinshaw, 273 N.C.

 418, 424, 160 S.E.2d 296, 301 (1968) (“[I]t is the rule in this jurisdiction that when

 cases are consolidated for trial, although it becomes necessary to make only one

 record, the cases remain separate suits and retain their distinctiveness throughout

 the trial and appellate proceedings.”) (citations omitted); see also Pack v. Newman,

 232 N.C. 397, 400-01, 61 S.E.2d 90, 92 (1950) (consolidated suits “did not become one

 action. They remained separate suits.”)(citation omitted).

¶ 38 The Association cannot show “injury or prejudice” arising out of the trial court’s

 - 13 -
 DEP’T OF TRANSP. V. BLOOMSBURY ESTATES, LLC

 [do not modify or remove this line]

 Opinion of the Court

 denial of their motion to consolidate the DOT Action, 15 CVS 16076, and 16 CVS

 15136. The trial court did not abuse it discretion in denying the motion to consolidate

 the DOT action with the other two previously consolidated actions. This portion of

 the trial court’s order is affirmed.

 VI. Conclusion

¶ 39 Viewed in the light most favorable to the Association and giving it the benefit

 of any disputed inferences, Developer was not entitled to summary judgment and the

 allocation of funds based upon disputed facts in the appraisals. These genuine issues

 of material fact preclude and survive Developer’s motion for summary judgment.

¶ 40 The trial court did not abuse its discretion in denying the Association’s motion

 to consolidate the DOT action with the remaining actions. The property taken and

 valuation of the takings issues in the DOT action have been resolved and reduced to

 a sum certain by stipulation and consent of the parties. This amount is subject to the

 adjudication and allocation of the Developer’s and the Association’s rights in the

 remaining consolidated actions.

¶ 41 The trial court’s amended orders are reversed in part on summary judgment

 for Developer and allocation of funds, affirmed in part on consolidation, and

 remanded for further proceedings or trial.

 REVERSED IN PART, AFFIRMED IN PART, AND REMANDED.

 Chief Judge STROUD and Judge GORE concur.

 - 14 -